DECISION
Plaintiffs have appealed the value of their land for the 2007-08 tax year. The matter is before the court on the written submissions of the parties.
 I. STATEMENT OF FACTS
The property under appeal is Plaintiffs' home, located on Horse Creek in McKenzie Bridge, Oregon and identified as Account 1229002. Plaintiffs are only appealing the value of the land, a 4.75 acre parcel, approximately one-half of which is compromised by annual flooding. The assessor put a real market value (RMV) of $39,623 on the land as of January 1, 2007, which, under ORS 308.210 and ORS 308.007, [1] was the assessment date for the 2007-08 tax year. Plaintiffs appealed to the county board of property tax appeals (board), and the board sustained that land value. Plaintiffs appealed that decision to this court.
Plaintiffs have appealed the value of the property to either the board or this court each year since 2001. The first of the two appeals in this court resulted in a stipulated land value (RMV) reduction from $60,676 to $30,000 (tax year 2001-02).[2] The issue of flooding was raised in that Complaint and was presumably a part of the reason for the land value reduction. The *Page 2 
appeal for the subsequent tax year (2002-03) resulted in a stipulated reduction in the value (RMV) of the improvements from $163,705 to $88,630; the RMV of the land was sustained at $31,370.[3]
 II. ANALYSIS
The court's objective is to determine the RMV of Plaintiffs' property as of January 1, 2007. ORS 308.205(1) defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
The court looks for "arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620 *3 (Mar 26, 2003).
Plaintiffs in this case have presented no evidence of market transactions. Plaintiffs complain about erosion due to flooding, which, among other things, requires periodic maintenance of their driveway. Plaintiffs admit that their home, driveway, and well are not subject to flooding, but contend that the floodwaters do come within a few feet of their septic system drainfield. Plaintiffs assert that the ongoing flooding has eroded some of their land and necessitated repairs to their driveway. No relevant cost to cure information has been provided. Plaintiffs explain on page two of their written narrative that they were required to "purchase [] 23 loads of rock in 2007 at a cost of $4,945.34 and [to] purchase [] a large backhoe for $19,000 * * *." (Ptfs' Ltr at 2, Aug 25, 2008.) However, those expenses were incurred after the January 1, 2007, assessment date for the 2007-08 tax year. Moreover, there are no receipts to *Page 3 
verify the rock expense, and the purchase of a backhoe may or may not be properly taken into consideration as a valid cost to cure item.
For its part, Defendant explained that "[i]n a review of both assessed values of neighboring properties, active listings, and recent sale of nearby properties, I found that virtually all land values well exceeded the Drakes' request of a $30,000 real market value for the land parcel." (Def's Ltr at 1-2, Aug 12, 2008.) Defendant goes on to explain that the sale of the nearby 1975 manufactured home on a much smaller parcel sold "as-is" for $153,000, compared to Plaintiffs' total RMV of $150,000.[4]
(Id. at 2.) Additionally, there is a 1.85 acre vacant tract of land on Horse Creek listed (in August 2008) for $246,000. (Id.)
Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev., 310 Or 260, 265,798 P2d 235 (1990). Plaintiffs in this case have not met that statutory requirement. Accordingly, their appeal must be denied.
 III. CONCLUSION
The court concludes that Plaintiffs have failed to establish by a preponderance of the evidence that a reduction in the RMV of their land for the 2007-08 tax year is warranted. Accordingly, the land RMV of $39,623 established by the assessor and affirmed by the board, must be, and is hereby, sustained. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that Plaintiffs' land value appeal is denied for want of persuasive evidence.
Dated this _____ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 4,2009. The Court filed and entered this document on February 4, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] That appeal was entitled Dolores M. Drake v. Lane County Assessor, TC-MD No 020129D. The court also accepted a stipulated reduction in the RMV of the improvements from $145,260 to $79,385.
[3] Dolores M. Drake v. Lane County Assessor, TC-MD No 030286B.
[4] Plaintiffs' RMV is allocated as follows: $39,623 for the land, and $110,377 for the improvements, the latter of which was reduced by the board from $129,570. (Ptfs' Compl at 2.) *Page 1